**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHELIA CASH,

Plaintiff,

v.

RAD HOMES and SALINA HOUSING AUTHORITY,

Defendant.

Case No. 26-cv-01108-JWB-GEB

**ORDER**

This matter is before the Court on Plaintiff Shelia Cash's request to proceed without prepayment of fees and costs. Plaintiff has filed two Motions to Proceed *in forma pauperis* (ECF Nos. 2 and 6, *sealed*) ("IFP Motion") and three Financial Affidavits (ECF Nos. 5 and 6-1, *sealed* and ECF No. 11). The Court will consider the last filed IFP Motion and Financial Affidavit (ECF Nos. 6 and 11), and therefore finds the IFP Motion at ECF No. 2 **MOOT**. For the reasons outlined below, Plaintiff's IFP Motion at ECF No. 6 is **GRANTED**.

Under 28 U.S.C. § 1915(a)(1), the Court has discretion to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security thereof."[1] "Proceeding *in forma pauperis* in a civil

[1] *See also Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

case 'is a privilege, not a right—fundamental or otherwise.'"[2] However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[3]

When determining whether a party is eligible to file without prepayment of fees, the court reviews a party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[4] Here, Plaintiff filed the proper Affidavit of Financial Status **(ECF No. 11)** in support of her IFP Motion. After a careful review of the same, including comparing Plaintiff's listed monthly income and expenses, the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 2, *sealed***) is **MOOT** and Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 6, *sealed***) is **GRANTED**. Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Judge's review of the Report and Recommendation of Dismissal filed simultaneously herewith.[5]

---

[2] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] *See Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).

**IT IS SO ORDERED.**

Dated September 24, 2026, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge