IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHELIA CASH,

Plaintiff,

v. Case No. 26-01108-JWB

RAD HOMES, *et al.*,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for a temporary restraining order and a preliminary injunction. (Doc. 13.) Plaintiff moved for an order to enjoin Defendant RAD Homes and the Saline County Sheriff's Office from executing a state court order of immediate possession of Plaintiff's home, scheduled for September 25, 2026. (Doc. 13.) The motion for a temporary restraining order is DENIED and the motion for a preliminary injunction is DENIED WITHOUT PREJUDICE for the reasons stated herein.

To obtain a temporary restraining order, Plaintiff must (1) show through an affidavit or verified complaint "that immediate and irreparable injury, loss, or damage will result" unless the temporary restraining order is issued, and (2) certify in writing efforts made to give notice to adverse parties and the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1). While Plaintiff's assertion of impending eviction may meet the first element, Plaintiff has not met her burden as to the second requirement. Plaintiff seeks a restraining order against Defendant RAD Homes and the Saline County Sheriff's Office (the "Sheriff"). The Sheriff is not a party to this matter and the court cannot enter restraining orders against non-parties. *See* Fed. R. Civ. P. 65(b)(1). Defendant RAD Homes has not been served as Plaintiff's claims must first be screened. Further, although Plaintiff states that she served her motion on Defendant's attorney, the name and

address of Defendant's attorney is missing from the motion. (Doc. 13 at 2.) It merely states "[Insert Attorney Name]" and "[Insert Address]" in her motion. (*Id.*) That does not demonstrate service. Plaintiff has also failed to give reasons why Defendant should not receive notice of her motion seeking a restraining order. Further, in reviewing her amended complaint, although Plaintiff sets forth facts purporting to show a lack of procedural due process by Defendant Salina Housing Authority ("SHA"), she fails to set forth any facts which would support a claim against Defendant RAD Homes. As such, she is not entitled to a temporary restraining order against that Defendant.

Moreover, the relief that Plaintiff seeks here is likely barred under the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37, 52-3 (1971); *see Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court.") (internal quotation marks omitted); *Bank of New York Mellon Trust Co. v. Washington,* No. 12-2342-JTM, 2012 WL 1982291, at *1 (D. Kan. June 1, 2012) (noting the "distinct possibility" that the court should abstain from interfering in litigation where parties referenced the existence of state eviction proceedings and it appeared the case had been or may still be pending) (citations omitted). In her motion, Plaintiff asks the court to enjoin the execution of "a state court writ of immediate possession." (Doc. 13 at 1.) The existence of a state court writ indicates existing state court litigation regarding the property at issue. Moreover, in her complaint Plaintiff asks this court to set aside eviction proceedings against her, strongly indicating that those proceedings were ongoing

at the time she filed this suit. (Doc. 1 at 11.) Accordingly, the foregoing authorities counsel against this court's interference with ongoing state court litigation.

Plaintiff's motion for a temporary restraining order is DENIED. Her motion for a preliminary injunction is DENIED WITHOUT PREJUDICE. If appropriate, Plaintiff may refile her motion for a preliminary injunction after her complaint has been screened and Defendant has been served.

IT IS SO ORDERED. Dated this 25th day of September, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE